## HENRY K. STRATFORD *vs.* WILSON AMES.

A deposition is not to be wholly rejected for the omission of the witness to answer a particular interrogatory fully, unless his answer is so imperfect or evasive as to induce the court to believe that he wilfully kept back material facts within his knowledge.

In an action to recover for particular services and articles, a witness for the defendant cannot be allowed to testify that the plaintiff once presented to him a bill against the defendant for the same services and articles, charged at a less amount, without producing the bill, unless some reason is shown for the failure to produce it.

CONTRACT brought by a physician to recover for professional services rendered and medicines furnished to the defendant.

At the trial in the superior court, before *Vose*, J., the plaintiff was allowed to introduce in evidence his own deposition, which was objected to on the ground that the following cross-interrogatory was not fully and properly answered : " State whether or not you ever supplied the medicines, and performed the services set out in your declaration under any agreement, warrant or promise with said defendant, or any one, that if said defendant would take your medicine you would warrant him against a fever." Ans. " I did not make any agreement with anybody." The plaintiff was also allowed to introduce in evidence the deposition of a Dr. Blanchard, which was objected to on the ground that the following cross-interrogatories were not fully and properly answered : Int. " Of your own knowledge, state what medicines were administered by the plaintiff to the defendant, and give a synopsis of his treatment." Ans. " Febrifuge, cathartic, diaphoretic, diuretic and tonic ; and these were given, as indicated by the symptoms, from time to time." Int. " Is the plaintiff a regularly educated physician ? If so, where did he receive his education ? Has the degree of M. D. ever been conferred on him, and, if so, at what institution ? " Ans. " He is a well educated physician ; I have no means of know ing where he graduated ; I cannot say."

The defendant, for the purpose of showing that the plaintiff had at different times stated the amount of his bill differently from the amount now claimed, offered in evidence the deposition of Minor T. Ames, the seventh direct interrogatory to whom and the answer were as follows : " Did the plaintiff ever present to you a bill for services and medicine furnished by him to the defendant during his sickness above referred to, and, if so, what was the amount of the bill so presented ? " Ans. " He did present a bill to me, and the amount of it was sixty-three dollars." Upon the objection of the plaintiff, the judge excluded the last part of both question and answer.

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*H. B. Stevens*, for the defendant.

*E. H. Lathrop*, for the plaintiff.

GRAY, J.   A deposition is not to be wholly rejected for the omission of the witness to answer a particular interrogatory fully, unless his answer *is* so *imperfect* or evasive as *to* induce the court to believe that he wilfully kept back material facts within his knowledge. *Savage* v. *Birckhead*, 20 Pick. 172. Tried by this test, the depositions objected to by the defendant were rightly admitted in evidence.

1. In the plaintiff's deposition, the word " agreement," in the answer objected to, was manifestly intended to cover the three synonyms of " agreement, warrant or promise," in the interrogatory.

2. The defendant, by joining in one cross-interrogatory inquiries as to medicines and medical treatment, may well have induced Dr. Blanchard to believe that the object of the interrogatory was simply to obtain a statement of the general nature of the remedies which he recommended, and not an enumeration of the name and cost of each medicine prescribed.

3. The answer that the plaintiff was " a well educated physician," coupled with the statement that the witness had no means of knowing and could not say where he received a degree, left no room for inference that the witness had not answered, to the best of his knowledge, the inquiry whether the plaintiff was " a regularly educated physician."

4. The only other exception taken is to the exclusion of testimony to the amount of a bill rendered by the plaintiff. But, this was oral evidence of the contents of a single writing, for the failure to produce which no reason had been shown. It was therefore properly excluded.          *Exceptions overruled.*